Good morning, Your Honors. May it please the Court. My name is Solon Tan, a certified student from UC Irvine's Appellate Litigation Clinic under the supervision of Catherine Davis and Peter Ofriciabi. I will be discussing the well-founded fear and relocation issue, and my partner Nicholas Liu will discuss the second PSG and updated evidence issue. I would like to reserve one minute for rebuttal, please. The agency legally erred by applying the incorrect legal standard in three areas. One, they conflate past persecution and well-founded fear. Two, they misapplied relocation law. And three, they failed to consider relevant evidence and erroneously concluded without support from the record. But first, the agency denied petitioner's asylum claim because she failed to show past harm and persecution. But this is not the standard in their asylum law. We know this because the IJ held that the petitioner must show that she will be persecuted and she has not proven that she has been persecuted. The BIA also held that the petitioner... But I understood, maybe I'm wrong, but I understood that what happened was here we're talking about whether not, whether there's a well-founded fear of persecution, but we're really talking about whether that can be subjected or, if you will, supplanted by the fact that she can relocate, right? Yes, Your Honor. And the fact that she can relocate is really in front of our court on a substantial evidence review, correct? We disagree on that point, Your Honor. It wouldn't be substantial evidence. Well, how do I get to pass Mashiri v. Ashcroft that says this is a substantial evidence review as it relates to whether there's an appropriate relocation finding? Yes, Your Honor. In Mashiri v. Ashcroft, that case is distinguishable because the agency in that case recognized the facts and the record. Alternatively, here we're arguing that for a relocation analysis, the agency did not make a finding of fact and they did not apply the correct legal standard for relocation. The BIA, and what the IJ did was similar, but the BIA said, however, the respondent has not provided a clear objective reason why she could not reasonably locate to a gay-friendly part of Mexico. Since we don't require magic words from the agency, why isn't that specific statement sufficient? Yes, Your Honor. That specific statement is insufficient because there wasn't enough in the opinion by both the IJ or the BIA to suggest that they reasonably considered the evidence that Petitioner proffered. But isn't that requiring magic words? I mean, the agency then said the BIA, in light of all the evidence, we conclude that respondent has not met her burden of showing that it in which we say that the agency needs to use particular magic words in order to tell us that they've considered all the evidence? There's no magic words rule or burden placed on the BIA in this instance. However, in the cases of Delgado v. Holder and Suhuashi v. Holder, the BIA is required to give a reasoned explanation. The legal standard for their decision-making is that they have to show that they heard and thought about the issue, not merely passed it over. Can I ask you this? What is it that they were required to consider here? What was it that they didn't consider that you would say that they should have? For the reasonable relocation analysis, Your Honor, this court held in Milconian that when the petitioner brings up relevant evidence, that relevant evidence should be considered. Moreover, in the regulations, for reasons... Right, so what relevant evidence was not considered that you're suggesting should have been considered below? Yes, a couple of points. One, a petitioner credibly testified that she has no family ties in Mexico. That is a requirement and family ties is significant as held in Milconian and Mashiri v. Ashcroft. She has two U.S.-born children in the United States. The fact that her children are in the United States is factually similar to Milconian and Mashiri, where the petitioners in those cases, their family members were, A, granted asylum to the United States, and B, in Mashiri, the petitioner's mother and sister were granted LPR status. Let me just... You say that was the issue. What does the BIA and the IJ, what are they supposed to consider in determining whether there was a reasonable relocation? As I read the CFR, it says, the reasonableness of relocation is determined by considering the potential harm in the suggested relocation area, certainly discussed that, including the size of the country of nationality and last habitual residence, certainly discussed that, including the geographic locus of the alleged persecution, the size, numerosity, and reach of the alleged prosecutor did discuss that. And the applicants demonstrated ability to relocate, did discuss that. They're really trying to decide, is the United States the only place that they can relocate? And so, they have to think about all of that. And so, they consider all of this reasonable. That's what they say right in the statute. Then I read what they said. It seems to me they've looked at all those. You're asking them to consider evidence that isn't in the CFR. Your Honor, in the cases of Malcony and Konezovich, they interpreted the CRFR, and also the CFR, explains that family and sociocultural ties was important. Importantly, in Konezovich, this court wrote that expecting petitioners to start their families over in a new town with no property, family home, or means of earnings was exceptionally harsh. It isn't just limited to the safe relocation points or the geographic locus. We also have to look at whether it's a reasonable place of relocation based on socioeconomic factors. I have a question, actually. I think my good friend, Joe Schmitz, pointed to the CFR, so I'll do the same. In ACFR 1208.13, it indicates that adjudicators should consider the totality of relevant circumstances regarding an applicant's prospects for relocation. Did they do that here? Your Honor, I see time has passed, but may I answer your question? Yes, sure. Thank you. The response to that is the agency did not do that. The petitioner proffered relevant evidence in testimony and documentary evidence. It was not addressed by either the IJ or BIA. There's nothing to suggest that they considered it at all. I would like to conclude by the agency erred as a matter of law by failing to consider the relevant evidence, which is the standard. All right. Thank you, Counselor. We'll actually give you two minutes for rebuttal. Thank you. And we'll hear from your partner. Good morning, Your Honors. May it please the Court, my name is Nicholas Liu representing Petitioner. As to the issue regarding the second PSG, Petitioner claims that the IJ and the BIA erred on three fronts. First, the IJ erred when it failed to consider the second PSG. Second, while the BIA was correct in acknowledging that the second PSG was in front of the IJ, it erred when it decided to conclude and rule on that second PSG. But just a minute, as I understand your particular point, the BIA said Petitioner did not present sufficient evidence to establish a well-founded fear of persecution. And because she was a person raised in and has ties to the United States, does your client challenge that finding at all? I couldn't find that she even challenged it. In fact, the only thing that you challenge is that there's an alternative basis for rejecting her second particular social group. So, if in fact, she didn't challenge, why is it not forfeited? Because the BIA right out said, there's no evidence here to establish the fear of persecution because she's from the United States, she had ties to the United States. And I read through your brief time and time again to find out where you were going to challenge that and you didn't. So, how do I help you? Your Honor, the BIA's point, well, the fact that the BIA even made that conclusion is legal error. What do you mean? Why is that legal error? There was no evidence, you don't even challenge it. I mean, in your brief, where do you say there's even a challenge to that? I mean, they made that statement and then they say, and alternatively, the second particular social group, that's not an appropriate group. And they had two reasons for that. But I'm talking about the first finding, the one that really is important here, and I couldn't find where he challenged it. Your Honor, we submit that the petitioner's evidence in front of the IJ, including her critical fear interview, as well as the asylum application, as well as certain facts that were elicited by the IJ, including the fact that she was essentially raised in the United States, that she was there from six to adulthood, her family ties in the United States, her children, et cetera, provided enough evidence for the IJ to at least rule on the second PSG. I mean, if you go to the second particular social group and we get into that, that's one thing. But you can't even get there if you don't challenge the first finding by the BIA, a failure to establish well-founded fear of persecution. And when you don't challenge that one, then, which you didn't in your opening brief, and I looked to the reply brief to try to find it, couldn't find it again. I said, well, this is forfeited. I can't even get to the second particular social group issue. They don't beat up on the first issue. Your Honor, that conclusion is something that the BIA was not allowed to do. Why wasn't it? That's exactly what they've got to do. They've got to say, is there a persecution finding? And if there is a persecution finding, then we find that by looking at the second particular social group, but that she didn't even argue well-founded fear of persecution. She's from the United States. I don't want to beat the dead horse. I'm just saying that was a big problem for me on your argument. I guess I want to ask in relation to Judge Smith's question, does the IJ first have to provide a proper factual analysis of the second PSG? And if so, why? Yes, Your Honor. This court's precedent in Antonio v. Garland states, quote, failure to address a social group claim or failure to analyze such a claim under the correct legal standard constitutes error and requires remand. Doesn't the BIA acknowledge at footnote three that the IJ did not do that? Correct, Your Honor. So what does that mean in terms of what we have to do first? The agency conducted legal error when it failed to remand and when it acknowledged that the IJ did not fully analyze the second PSG. Why is that? I mean, in addition to Judge Smith's point about waiver or forfeiture, what's wrong with, although the immigration judge did not provide full analysis of this claim, we will not remand the record for the respondent did not present sufficient evidence to establish a well-founded fear of persecution on this ground. This court's precedents in Brazilian v. Holder states that, quote, despite the absence of rulings by the IJ on these issues, the BIA did not remand to the IJ to address them in the first instance. This was in violation of the regulations governing the agency and the prohibition on their ability to conduct a noble fact finding. Do you have an answer to Judge Smith's question about whether or not you raised this issue in your opening brief? And do you have a site for us? And furthermore, I don't think you really argued in your opening brief that the BIA's not to remand for further fact finding was wrong, that they applied the wrong legal standard. I looked all over in there to find that. I was going to say, quote me the line in there that said that. I couldn't find it. And I have to have an issue specifically and distinctly argued in order to forfeit it. So, those were the two issues that worried me about that, but those particular issues. Yes, Your Honor. I do not know the line off the top of my head, but we will have that prepared for rebuttal. Okay. Thank you. All right. Thank you. We'll hear from the government. Good morning, Your Honors, and may it please the court. Stephanie Groff for the Attorney General. Your Honors, this court should uphold the agency's denial of asylum and withholding of removal as substantial evidence, which is the correct standard of review, supports the agency's finding that Ms. Rodriguez has failed to demonstrate that she cannot internally relocate within Mexico or that it would be unreasonable for her to do so. Before this court — Can I ask you a question? Yes. I'm trying to understand, and maybe you can help me out. You know, the BIA expressly acknowledged, as I indicated in my earlier question, that at footnote three, the immigration judge did not provide a full analysis of petitioner's PSG, second PSG. And in her asylum application at AR-252, she indicates what her second PSG is, and she goes on at AR-182 during the credible fear analysis to talk further about what that PSG is. So tell me where. Where can I look to where the IJ analyzed that or the BIA analyzed that? Sure. Let me just clarify one thing that we noted in our answering brief, but that my friends on the other side seem to misunderstand. The credible fear interview that Ms. Rodriguez had with the agency, and I believe, again, with an immigration judge, is nowhere in the record. She has not submitted it. She did not submit it before the immigration judge. It wasn't in her evidence before the board when seeking a remand, and it's not here before this court. So while she claims that she had a credible fear interview, she noted in her asylum application that she was afraid based on being a returnee, this is not in the record. So the immigration judge and the board could not consider it. I will acknowledge, as you mentioned, Judge Mendoza, that her asylum application does note that she has a fear of returning because she has ties to the United States. However, the board specifically noted that and acknowledged, as you mentioned, that the judge did make some sort of an error by not analyzing it, but then determined that even if this was an error, remand isn't necessary because she hasn't substantiated that claim with any testimony, with evidence, or she also hasn't substantiated it by arguing that it's even a cognizable social group. Question. So the credible fear interview, that was not part of the record that the IG considered? It is not, Your Honor, and there's also more miscommunication. So this case was initially, I believe, in El Paso, Texas, where an immigration judge in the record, of course, I don't have it right in front of me, but noted, I'm aware of the petitioner here, or Ms. Rodriguez, because I did her credible fear interview, et cetera, et cetera. Eventually, this case was transferred to Tucson, Arizona, before a different judge years later, and that judge did not have the credible fear interview placed before it. I'll also know that Ms. Rodriguez has been represented at all times before the agency, and it's her burden to demonstrate that she is a member of a particular social group and that it's cognizable. So it is not in the record. What we do have is just quotes from it in both the brief before this court, and I believe in the brief before the board, but counsel's statements are not evidence that this court considered. Counsel, on this point- Yes, Your Honor. If the petitioner had appropriately raised it in their briefs, was the agency's determination not to remand, based on the lack of full analysis, error by basing it on the fact that the respondent did not provide sufficient evidence to establish a well-founded fear of if they had appropriately raised it here, would that have been an error by the BIA? No, Your Honor. And why not? Why not? I'd be happy to get into that. It is not an error because the board made alternative findings that are appropriate. The board, as I mentioned, acknowledged that the judge didn't address it, but then held that it still has not been shown to be a cognizable social group, and she hasn't supported it. And as Judge Smith has acknowledged, petitioners, counsels here, my friends on the other side, haven't sufficiently raised that before this court, so coming today to argue that, they forfeited that claim. But even if they hadn't, your view is that the alternative argument, that especially what's in footnote three, would be sufficient on its own, and that it's not an error to refuse to remand simply because the IJ did not provide a full analysis. Yes, we would argue in this hypothetical that it is not an error warranting remand. I mean, there is numerous case law by this court about particular social groups like this, and the government acknowledges that each should be conducted on its own, but it's her burden of proof to show that she would be harmed based on this group. And the board was stating that even if the judge didn't address it, she hasn't met her burden of proof. I'll also note- Let me go back to this. I appreciate you saying that the credibility interview was not in the record, but it's my understanding that at 182, the removal proceeding is, and there the testimony was exactly that. Well, yes, and in her asylum application, as you noted, she does mention that she's afraid to return because she's Americanized. The issue here, however- No, no, no, no, no, no, no. That's part of it. The other part of it that she specifically mentioned is that she doesn't have ties to Mexico. The family that exists there are people she doesn't know. Isn't the distinction different than someone who has ties to the United States and then someone who doesn't have ties to Mexico? I mean, that addition is something different, quantifiably different, don't you think? Respectfully, no, Your Honor. I believe the specific group she purported to be a member of is an American upbringing and family ties to the United States. Yes, that may be different than- What do I make of her testimony at AR-182, Castle? That she has ties to the United States? What we can make of that is the immigration judge here did consider it, especially as it relates to the relocation finding, and the board addressed it in not only footnote three, but also in the relocation finding. I'll also point out that Ms. Rodriguez, while she did live in the United States for many years, chose to return to Mexico on her own, and that is something that is not raised, particularly by my friends on the other side, but it is indicative. She had ties to the United States. She lived here for many years. I'll also note the immigration judge in its decision acknowledged all this, specifically on AR-100 and 101. The judge says that the respondent here does not want to go back to Mexico. It's completely understandable. She has ties to the United States. Her English is flawless. She seems intelligent. But then specifically, the judge states that that is not enough to demonstrate that she wants to remain in the United States, that she merits asylum. And that's why this, you know, assuming an era, et cetera, there is no net need for the board to remit. It was appropriate for them to... I'm bringing out the transcript, the rule of transit 182. And so at the present moment, you felt like you had nowhere to go but the U.S. Yes. Well, I've been here since I was little. This is like my home. I don't have nobody in Mexico. I have family, but it's like I don't have any family. So let's be clear. That is in front of the immigration judge. She's not making that up. There's testimony in there. The question in my mind, counsel, and the question to you is, where is it anywhere in the analysis that they consider the fact that she has nowhere to go in Mexico, nowhere to relocate? The reasonable analysis that is required, given the testimony provided. Okay. I'm sorry, your honor. I thought we were still on the particular social group aspect, but I see you've now moved us to the reasonableness. The reasonableness finding is supported by substantial evidence here and the agency specifically... Counsel, it's locked in really between the both of them because the IJ never really distressed the PSG. And then the reasonableness goes to that point though, right? Because she really analyzed that particular social group. That is folks who have extensive ties to the United States and really have no ties to Mexico. That's the group that is being identified here. That was not analyzed in the first instance by the IJ. And then in substance, not analyzed in terms of the relocation aspect. Well, your honor, I respectfully disagree. And I think what's important here to note is that we are looking at the board's decision. The board's decision specifically noted that on appeal, Ms. Rodriguez did not make any claim as to past persecution, focused on future persecution and looked at relocation. I'll know that relocation is part of the well-founded fear analysis. There's no requirement that an agency needs to address well-founded fear under one PSG and the relocation for that particular social group, then another analysis for that. It is a cumulative analysis, which the agency did here. I'll also note that my friends on the other side state that the evidence has been ignored, etc. But as Judge Bennett mentioned, there's no special magic words requirement. The agency doesn't have to write an exegesis here. It is clear that the board looked at the evidence as a whole, looked at the immigration judge's findings, which as I mentioned on AR-100, the judge noted that she has ties to the United States, maybe not Mexico, but found that overall, there is strong evidence to show that... That's the point that's relevant though, but not to Mexico. That's the point that's relevant. The reasonableness analysis requires the judge to analyze the relocation. How can this individual... And maybe they can. Maybe she loses in the end. That's up to someone else. But there is no analysis, is there, about that relocation given the fact that she doesn't have ties? Where is that part in the analysis of either the IJ or the BIA? Well, the board looked at all the factors. And as I noted, it doesn't have to address every specific one. The regulations at 1208.13 and 16, year 2020, list the various factors that must be considered. I'll note that reasonableness is the only factor before here. If she waived that, any challenge to can she relocate below. And the judge specifically looked and the board upheld the evidence related to violence. Where? Point it. Where? Sure, Your Honor. I will look it up. I promise you. Okay. Well, again, not specifically about her being able to return to Mexico, but the board specifically on AR4 says that she does fear harm and return based on discrimination. There's evidence of this, but she has not been harmed in the past, which is not a past persecution finding. It's just a factor based on her sexual orientation. And that she hasn't shown that she couldn't relocate, recently relocate to another place in Mexico to avoid future harm. That is sufficient. And the immigration judge's finding, although I note made kind of an alternative, the government met its burden, considered the evidence as a whole. And I want to point out again, substantial evidence is the standard here. We cannot supplant Ms. Rodriguez's view of the evidence and find that record compels a contrary conclusion. I want to point this court to the Supreme Court's recent decision in Urias or Renalia, excuse me, in 2026, which held that for persecution findings, substantial evidence is the standard. Here we have an agency while might not have made the most intense factual findings and listing every specific thing, but ultimately held that she did not demonstrate that it would not be reasonable for her to relocate in Mexico. And this court needs to find that the record compels a contrary conclusion, and that is just not here. The record amply supports this. I also want to point out that the claim that the agency ignored evidence that my friends on the other side make is also not supported. As it relates to her family in Mexico, as we noted in our answering- Let me just say that, let me just ask this. So you, I think, concede as I believe because you didn't cite to me any place in the order of the IJ or the BIA, you're conceding that there is no language in either of those documents that indicates that there's a reasonableness relocation given the non-ties to Mexico. You concede that point. No, Your Honor, I do not concede that. And let me clarify again, relocation analysis is part of the well-founded fear of future persecution aspect of asylum. And through that, an agency looks at it as a whole. There is no requirement that it break down each particular social group. The reasonable relocation analysis it held, the agency and the judge and the board, can be applied in this alternative finding to her particular social group. The board, though, found that the judge, as I do concede that the judge didn't address that particular social group. I concede that. But relocation is about asylum as a whole. And here the immigration judge took all these factors, the board took the factors- The judge, as you said, cited why she doesn't want to go back to Mexico. The judge cited- On page 100. Yes. The judge cited all of that on page 100, talked about the facts, and then found that she hadn't met her burden. Exactly. And it is her burden of proof. The judge also noted and the board also specifically stated that Mexico City is a place where there is strong LGBTQ community, where there are many places for her to go based on that. I'll also note that Ms. Rodriguez today and in her briefing claims that she has no ties to Mexico, no family at all. But as we noted in our answering brief, Ms. Rodriguez's father remains in Mexico. She also testified extensively that she has, I believe, an aunt in Mexico because she was stating that the aunt told her mother that there was a red alert. So- And so she might, look, she might lose on that. My only problem, and I don't know if she'll lose on that, but she might. But the problem I'm having is that there is simply, there's a lack of analysis. And I think I understand your point on this. Thank you. All right. Thank you for your argument. Thank you. And Counselor Petitioner, you have two minutes whenever you're ready. Hello again. A couple of responses. One, this case is not, the standard of review is not substantial evidence. Why? Because the BIA, because the IG- Just a minute. Tell me the case you're going to rely on that says this is not substantial evidence review. Yes, Your Honor. We would like to- Because I went to find one. I do not find where a BIA's relocation finding, based on the facts that are in the record, whether they say them all or whether they don't say them all, is not substantial evidence. Your Honor, for substantial evidence, we're arguing that the IG- I know what you're arguing. Give me the case that says I don't supply substantial evidence review to a relocation finding, whether they say all the facts in the record or not in what they do, or whether they don't, what is my standard? Because I'm a standard of review guy. I was on the district court. I hated the Ninth Circuit overturning me for no good reason, because I had a standard of review. Now, I'm defending the standard of review I think needs to be done in this particular case. Now, tell me why it isn't that. Yes, Your Honor. Two distinguishing cases. One, Lopata versus Bondi. Second, Essene versus Garland. In both those cases, the agencies considered the evidence, wrote about the evidence, and their opinion suggested they considered the evidence. That is not the case here. The IJ did not make a finding effect on the following issues, reasonable relocation, the petitioners- Those are your best cases? If those are your best, that's fine, because I've already read them, and I don't agree with what you're saying. But if that's your best you got, that's the best you got. Move on to another point. Okay. Well, for the, seeing as time- You can make some concluding remarks, counsel. Concluding remarks. For the issues of the credible fear interview, it was injected to this in the BIA's briefing. For the second protected social group issue, again, the IJ never made a finding effect. Thus, the BIA erred by doing the IJ's role. Thus, we're arguing that they legally erred by jumping the gun, not making the finding. All right. We thank counsel for their arguments. We particularly thank counsel, Mr. Tan and Mr. for their arguments. And again, thank their supervising attorneys and the UC Irvine School of Law. With that, the case just argued is submitted. Thank you.
judges: SMITH, BENNETT, MENDOZA